IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB STEINIGER, <br><br> Defendant, | Case No. 4:24-cr-172 <br><br><br><br> **DEFENDANT'S SENTENCING BRIEF AND MOTION FOR DOWNWARD VARIANCE** |

Defendant Jacob Steiniger, through counsel, respectfully submits this Sentencing Brief to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553(a). Mr. Steiniger asks the Court to sentence him below his Guidelines Range, as an appropriate sentence after considering all the sentencing factors and circumstances of this case.

**I.   WITNESSES**

Mr. Steiniger does not intend to call any witnesses at the Sentencing Hearing.

**II.   EXHIBITS**

Mr. Steiniger has submitted the following exhibits for the Sentencing Hearing

Exhibit A: Community & Family Resources Program Discharge Summary

Exhibit B: Letter of Support from Cyndie Steiniger (mother)

Exhibit C: Letter of Support from Patricia Toth (sister)

Exhibit D: Letter from Employer

### III.   GUIDELINES CALCULATION & MITIGATING ROLE ADJUSTMENT

One of the disputes at sentencing is whether Mr. Steiniger should receive a downward adjustment of two levels for his mitigating role under U.S.S.G. § 3B1.2. Setting aside that issue initially, the PSIR calculates Mr. Steiniger's Guidelines as follows:

| | |
|---|---|
| Base Offense Level (2K2.1(a)(4)(B)) | 20 |
| Destructive device (2K2.1(b)(3)(B)) | +2 |
| Connection with another felony offense (2K2.1(b)(6)(B)) | +4 |
| Acceptance of Responsibility (3E1.1) | -3 |
| Total Offense Level | 23 |
| Criminal History Category | I |
| Guidelines Range | 46-57 months |

If the Court finds that Mr. Steiniger should receive a decrease for his mitigating role in the offense, the Total Offense Level becomes 21, yielding a Guidelines Range of 37-46 months.

The Court should find that Mr. Steiniger was a "minor participant" in this case, and apply the 2-level mitigating role reduction under § 3B1.2. Application Note 4 of the subject Guideline defines a "minor participant" as one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." This determination is fact-based, consider the totality of the circumstances. The Court must consider the factors listed in App. Note 3(C), succinctly summarized as "the defendant's knowledge, planning, authority, responsibility, and benefit from the illegal scheme." *U.S. v. Jones*, 25 F.4th 1077, 1080 (8th Cir. 2022) (citations omitted).

Here, consideration of those factors strongly supports that Mr. Steiniger should receive a two-level decrease for his minor role in the offense. He does not deny that he understood the scope of the conspiracy during the time he was involved. In the making of the device, he

2

provided the fuse, explosive material, and drill, and kept it at his house after it was made. PSIR ¶ 34. However, he was not integral to the offense. Mr. Steiniger had little role in planning it. The dispute leading to this case was between Mr. Gerke and Timothy Hellmers: Mr. Steiniger was involved only because he was friends with the Hellmers.[1] ¶ 32. It was the Hellmers who came up with the idea to deploy the device against Mr. Gerke. *Id.* It was the Hellmers who brought parts for the device over to Mr. Steiniger's house. ¶¶ 31, 38. It was the Hellmers who planted and detonated the device. ¶ 35. In fact, Mr. Steiniger tried to convince them not to continue with their plan because it was "too much," also stating that someone could really get hurt. *See* ¶ 35. That he was unable to discourage the Hellmers from carrying out their plan indicates that he had no authority within the conspiracy. Although Mr. Steiniger should not have gotten involved in the scheme at all, the fact that he had the wherewithal to withdraw and tell the Hellmers that they were making a mistake is a key fact. Actually deploying a destructive device against someone is on an entirely different level of seriousness from making a destructive device.

      In a text conversation with Daniel Hellmers after the incident, Mr. Steiniger's girlfriend related that Mr. Steiniger "feels horrible because he had the powder." ¶ 38. Daniel's response is telling in how the brothers saw Mr. Steiniger's role in this case: "Oh, that don't matter. If we were going to make it, we were going to make it." *Id.* There is no dispute that Mr. Steiniger is substantially less culpable than the two other defendants in this case, and therefore the Court should apply the downward adjustment for mitigating role, and decrease his Guidelines calculation by two levels.

---

[1] Mr. Steiniger has been friends with the Hellmers since he was 14 years old. He is not claiming that the Hellmers exhibited any undue influence over him, but the Court shoulder consider that much of the reason he got caught up in this offense was due to the loyalty and affection lifelong friends often have for each other.

### IV. A BELOW-GUIDELINES SENTENCE IS APPROPRIATE IN THIS CASE

The Court must fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553(a) and in light of *U.S. v. Booker*, 543 U.S. 220 (2005). Apart from the dispute over whether Mr. Steiniger should receive the two-level decrease for his mitigating role, he agrees that his Guidelines calculation in the PSIR is correct. The Guidelines are not mandatory, but only one factor to consider. The Court must make an "individualized assessment of the facts presented" to arrive at a just sentence for each defendant in each case. *See U.S. v. Gall*, 552 U.S. 38, 50 (2007).

#### A. Nature and Circumstances of the Crime

Many of that facts that are relevant to Mr. Steiniger have already been discussed regarding the mitigating role adjustment. What sets Mr. Steiniger apart from his co-defendants, and the Court should consider, is that he declined to execute the plan with the Hellmers. This does not alleviate the severity of the offense to which he pled guilty, but it shows an appreciation for others, their safety, and the consequences of his own actions. To create a destructive device is not inconsequential, but it is not the same thing as deploying that same device.

#### B. History and Characteristics of the Defendant

*Criminal History*

Mr. Steiniger has no criminal history points. He has had a few run-ins with the law, but nothing that rises to the level of the present case. The only time he has been incarcerated was when he served one day in jail for possession of drug paraphernalia at age 18.

*Substance Use*

Mr. Steiniger has a significant history with drugs. He was diagnosed with severe substance use disorders for both marijuana and methamphetamine. ¶ 106. He first used marijuana when he was 11, and by age 13 he was using it daily. ¶ 97. Before his arrest he would smoke a few grams every day. *Id.* His last use of marijuana was in January of 2025, at the time this case was initiated. *Id.*

The drug that has caused Mr. Steiniger the most trouble is methamphetamine. ¶ 103 He used methamphetamine daily from age 25 to the incident resulting in this case. ¶ 99. It led to him losing contact with his daughter. *Id.* He tried substance treatment in the past, but had trouble staying away from drugs. ¶¶ 104-105. Although this case is serious, it has provided a silver lining for Mr. Steiniger in that it led to him quitting methamphetamine. *Id.* In January of 2025 he began substance treatment at Community and Family Resources in Des Moines, and he is proud that he successfully completed that treatment on May 28. ¶106, Exhibit A.

*Family*

Mr. Steiniger's family remains supportive of him throughout the present offense, and his mother and sister have submitted Letters of Support. Mr. Steiniger has two children: a 17 year-old son and an 11 year-old daughter. The letters of support show that although his relationship with them suffered in the past due to drug use, leading to informally losing care of them when they went to live with his sister, he loves his children and has tried to do the best he can for them, even while fighting his own demons. It is this case that provided a wake-up call, and led him to rekindle his relationship with his children, being a present and sober father for them for the first time in their lives. He now spends time with them, attending their birthdays, going to the movies

and skate park, and working on cars. He wants nothing more than to be home together with them again.

*Employment*

Similar to his substance use, the present case motivated Mr. Steiniger in his work. In January of 2025 he obtained a job at ADM in Des Moines as a housekeeper. Since that time, he has been promoted to a position where he loads railcars, which also came with a pay raise. This is the best job he has ever held and he truly sees a career in it. His employer has written an extremely complimentary letter of support, submitted as Exhibit E.

C.   **The Need for the Sentence Imposed**

The seriousness of the offense at hand is not trivial. All the defendants are simply lucky that no one was seriously injured.[2] Section 3553 provides that the sentence the Court imposes on Mr. Steiniger must afford adequate deterrence for similar conduct from other members of society. However, § 3553 also directs the Court to consider what sentence will protect the public from further crimes by the defendant. Here, Mr. Steiniger has shown that he has little to no propensity for future criminal acts, and so a below-Guidelines sentence is warranted. He has been on pretrial release supervision for the present case since January of 2025. His only violation during that time was some isolated use of marijuana immediately after the case began. During the past six months, he has successfully completed substance treatment and experienced the longest period of sobriety in his life, rekindled his relationship with his children, and excelled at

---

[2] Undersigned counsel acknowledges the victim statement submitted by K.T. He incorporates by reference all the arguments made on page 3 of Defendant Tim Hellmers' Sentencing Brief submitted at Dkt. No. 99. It is more than reasonable to question K.T.'s proximity to the explosion, extent of any claimed injury, and dispute any claimed restitution. At any rate, it is a fair and accurate statement to say that no one was seriously hurt in this incident.

his job. He has done everything asked and expected of him since his involvement in this case, not only with his requirements under supervision, but more importantly in living up to his responsibilities as a father. The sentence proposed by the Guidelines is too long when considering these factors; and in fact, a below-Guidelines sentence is warranted.

### D. The Need to Avoid Unwarranted Sentence Disparities

There is not any significant dispute that Mr. Steiniger is less culpable than his co-defendants in this matter, and therefore a sentencing disparity between his sentence and theirs *would* be warranted.

The statistics in Paragraph 126 of the PSIR reflect that Mr. Steiniger's Guidelines range is similar to those sentences received by similarly-situated defendants. However, those statistics do not account for some significant facts as they pertain to Mr. Steiniger: that he declined to participate in planting and deploying the device, and that in the six months this case has been pending he has shown remarkable progress in all aspects of his life. As such, any disparity resulting from a below-Guidelines sentence *would* be warranted based on the individualized facts of this case.

## V. CONCLUSION

Mr. Steiniger acknowledges that his actions in this case were reckless and wrong. He knows that it was only by pure luck that no one was seriously injured, and he deeply regrets what he did. His initial involvement in the case came about due to his long friendship with the two co-defendants. He contributed to building the destructive device. However, when the time came to carry out the plan to its culmination, Mr. Steiniger showed integrity by declining to participate, telling the others that it was a bad idea, and attempting to dissuade them from continuing. Since the events of this case, he has in fact succeeded by beginning to turn his life around: quitting

drugs, completing treatment, spending time with his children, and excelling at his job. He honestly wishes to make amends for his conduct in this matter, move forward with the beginnings of the life he has started to build since this occurred, and be the father and son he wants to be. For all the reasons stated here, a below-Guidelines sentence is appropriate in this case.

        GREFE & SIDNEY, P.L.C.

By: /s/ *Peter J. Ickes*
    Peter J. Ickes, AT0014168

    500 E. Court Ave., Ste. 200
    Des Moines, IA  50309
    Phone:  515/245-4300
    Fax: 515/245-4452
    pickes@grefesidney.com

ATTORNEY FOR DEFENDANT
JACOB STEINIGER